UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MAYLAND
(Greenbelt Division)

| | |
|---|---|
| In Re:<br><br>EVAN ROBBINS WECHSLER,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-13890-JEB |
| ROGER SCHLOSSBERG, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>EVAN ROBBINS WECHSLER and<br>MARISSA BETH WECHSLER<br><br>Defendants. | Adversary Proceeding<br>No. 21-01092-JEB |

**ANSWER OF MARISSA BETH WECHSLER
AND AFFIRMATIVE DEFENSES**

Defendant Marisa Beth Wechsler ("Ms. Wechsler"), by and through her counsel, answers the numbered paragraphs of the *Complaint for Avoidance and Recovery of Transfers and Damages* (the "Complaint") filed by Roger Schlossberg as Chapter 7 Trustee for the above-captioned Debtor (the "Plaintiff" or "Trustee") in this Adversary Proceeding as follows:

### INTRODUCTION

1.  Ms. Wechsler states that the assertions set forth in paragraph 1 are part of the judicial record to which no response is required.

2.  Ms. Wechsler states that the assertions set forth in paragraph 2 are part of the judicial record to which no response is required.

3. Ms. Wechsler states that the assertions set forth in paragraph 3 are part of the judicial record to which no response is required.

4. Ms. Wechsler states that the assertions set forth in paragraph 4 are part of the judicial record to which no response is required.

### PARTIES AND JURISDICTION

5. Admitted.

6. Admitted.

7. Admitted.

### JURISDICTION AND VENUE

8. The assertion contained in paragraph 8 of the Complaint is a legal conclusion to which no response is required.

9. The assertion contained in paragraph 9 of the Complaint is a legal conclusion to which no response is required.

10. The assertion contained in paragraph 10 of the Complaint is a legal conclusion to which no response is required.

11. The assertion contained in paragraph 11 of the Complaint is a legal conclusion to which no response is required.

12. The assertions contained in paragraph 12 of the Complaint are legal conclusions to which no response is required.

### RESPONSE TO FACTUAL ALLEGATIONS

13. Ms. Wechsler lacks sufficient information to admit or deny the allegations contained in paragraph 13 and therefore denies same.

14. Ms. Wechsler admits that the Debtor was an employee of the referenced entities; however, she lacks sufficient information to admit or deny the balance of the allegations contained in paragraph 14 and therefore denies same.

15. Ms. Wechsler admits that the Debtor was an employee of the referenced entity; however, she lacks sufficient information to admit or deny the balance of the allegations contained in paragraph 15 and therefore denies same.

16. Ms. Wechsler admits that the Debtor has done work for the referenced entity; however, she lacks sufficient information to admit or deny the balance of the allegations contained in paragraph 16 and therefore denies same.

17. Ms. Wechsler admits that the Debtor has done work for the referenced entity; however, she lacks sufficient information to admit or deny the balance of the allegations contained in paragraph 17 and therefore denies same.

18. Ms. Wechsler lacks sufficient information to admit or deny the allegations contained in paragraph 18 and therefore denies same.

19. Ms. Wechsler lacks sufficient information to admit or deny the allegations contained in paragraph 19 and therefore denies same.

20. Ms. Wechsler believes that she was not a signer on one or more of the accounts for at least some portion of the identified time period. She lacks sufficient information to admit or deny the balance of the allegations contained in paragraph 20 and therefore denies same.

21. Denied.

22. Ms. Wechsler lacks sufficient information to admit or deny the allegations contained in paragraph 22 and therefore denies same.

23. Ms. Wechsler lacks sufficient information to admit or deny the allegations contained in paragraph 23 and therefore denies same; further, Ms. Wechsler states that the allegations contained in the second sentence of paragraph 23 of the Complaint are legal conclusions to which no response is required.

24. Ms. Wechsler lacks sufficient information to admit or deny the allegations contained in paragraph 24 and therefore denies same.

## COUNT I

*Invalidity of Transfers Between Spouses*

25. Ms. Wechsler repeats and realleges each of her responses to the allegations set forth above and reincorporates them by reference herein.

26. The allegations contained in paragraph 26 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Ms. Wechsler denies the allegations and further states that upon information and belief any funds transferred into the joint account were used for family support. Ms. Wechsler further states that she did not access or direct the use of the funds in any joint account.

27. The allegations contained in paragraph 27 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Ms. Wechsler denies the allegations.

## COUNT II

*Maryland Uniform Fraudulent Conveyance Act*

28. Ms. Wechsler repeats and realleges each of her responses to the allegations set forth above and incorporates them by reference herein.

29. Ms. Wechsler denies the allegations set forth in paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Ms. Wechsler denies the allegations.

31. The allegations contained in paragraph 31 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Ms. Wechsler denies the allegations.

32. The allegations contained in paragraph 32 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Ms. Wechsler denies the allegations.

## COUNT III

*Avoidance of Fraudulent Transfers and Obligations*

33. Ms. Wechsler repeats and realleges each of her responses to the allegations set forth above and incorporates them by reference herein.

34. Denied.

35. The allegations contained in paragraph 35 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Ms. Wechsler denies the allegations.

36. Ms. Wechsler lacks sufficient information to admit or deny the allegations contained in paragraph 36 and therefore denies same.

37. Ms. Wechsler lacks sufficient information to admit or deny the allegations contained in paragraph 37 and therefore denies same.

## COUNT IV

*Recovery of Avoided Transfers*

38. Ms. Wechsler repeats and realleges each of her responses to the allegations set forth above and incorporates them by reference herein.

39. The allegations contained in paragraph 39 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Ms. Wechsler states that she provided reasonably equivalent value for any alleged Transfer and denies the allegations.

## FIRST AFFIRMATIVE DEFENSE

The allegations contained in the Complaint fail to state a claim for which relief can be granted against Ms. Wechsler and said claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

## SECOND AFFIRMATIVE DEFENSE

To the extent any alleged Transfers were made and that Ms. Wechsler is deemed to be the recipient of any such Transfers, the Debtor received reasonably equivalent value.

## THIRD AFFIRMATIVE DEFENSE

To the extent any alleged Transfers were made and that Ms. Wechsler is deemed to be the recipient of any such Transfers, the Transfers were received in good faith.

## FOURTH AFFIRMATIVE DEFENSE

To the extent any alleged Transfers were made and that Ms. Wechsler is deemed to be the recipient of any such Transfers, the Transfers were used to pay household, family expenses for the support and maintenance of the Debtor's wife and minor children.

## RESERVATION OF RIGHTS AND DEFENSES

Ms. Wechsler reserves the right to assert any additional defenses in this matter that may be disclosed during the course of additional investigation and discovery.

## LOCAL RULE 7012-1 STATEMENT

Ms. Wechsler consents to entry of final orders or judgments by the Bankruptcy Judge.

## REQUEST FOR RELIEF

WHEREFORE, Ms. Wechsler requests that the Court enter judgment in her favor dismissing the Trustee's claims with prejudice and granting her such other and further relief as the Court deems just.

Respectfully submitted,

MARISA BETH WECHSLER
By her counsel,

/s/ Jesse I. Redlener
Jesse I. Redlener [*pro hac vice*]
ASCENDANT LAW GROUP, LLC
2 Dundee Park Drive, Suite 102
Andover, MA 01810
Phone: (978) 409-2038
jr@ascendantlawgroup.com

-and-

/s/ Lawrence S. Jacobs
Lawrence S. Jacobs [Bar No. 02125]
McMillan Metro, P.C.
ATTORNEYS AT LAW
7811 Montrose Rd #400,
Potomac, MD 20854

Dated: July 25, 2023

## **CERTIFCATE OF SERVICE**

      I, Jesse I. Redlener, hereby certify that on July 25, 2023, I caused a copy of the foregoing document to be served electronically on:

Frank J. Mastro (Counsel to Trustee)
Roger Schlossberg (Trustee)
SCHLOSSBERG | MASTRO
Attorneys at Law
P.O. Box 2067
Hagerstown, MD 21742-2067
Roger Schlossberg at trustee@schlosslaw.com; bkcreditor@schlosslaw.com
Frank Mastro at fmastro@schlosslaw.com

Alan D. Eisler (Counsel to Debtor)
1 Research Court, Suite 450
Rockville, MD  20850
aeisler@e-hlegal.com

                                                      /s/ Jesse I. Redlener
                                                      Jesse I. Redlener